3-13-0581 People in the State of Illinois, Appalachia, by Justin Nicolosi v. Joshua Messenger, Appalachia, by Gavin Dow. Mr. Dow, you may proceed. Thank you very much. Good afternoon. May it please the Court, Counsel. I'm Gavin Dow, and I represent Joshua Messenger. Illinois law punishes any battery that takes place on or about a public way, public property, or a public place of accommodation or amusement as an aggravated battery. This is because batteries that take place in areas that are open and accessible to the general public pose a greater risk of harm to the community at large. In this case, Mr. Messenger was charged with the battery of one of his cellmates inside of Cell Block C at the Whiteside County Jail. The State does not dispute that Cell Block C is closed to the general public. Accordingly, it is not public property under the aggravated battery statute. And this is because, what policy conditions, what policy considerations are behind that? Well, Your Honor, the committee comments the aggravated battery statute indicate that the primary policy motivating this particular portion, the public portion of the statute, is that if you have a battery that takes place in an area where members of the general public could be, there's a greater risk of harm to those people. And so that's why the legislature, in the language of the statute, specified only public places, a public place of accommodation or amusement, a public way, or public property. In fact, courts, including this court, have consistently, with one exception, which I'll discuss in a minute, held that this language is directed at areas that are open and accessible to the public. Now, that one outlier case I mentioned is People v. Hill. It's a case the State relies on entirely. And the problem with Hill is that it ignores the intent of the legislature, which, as we know, is what we're trying to get at when we're interpreting statutes. It disregards prior decisions of the appellate court, including this district's decision in Camp and the second district's decisions in Ward and Ojeda, all of which say the critical issue is whether the location is publicly accessible. Okay, so I want to talk to you a minute about this intent of the legislature business, because let's take, for example, a Secretary of State's office. Okay, you go in there in the License Bureau, and most people, it's not as bad as it used to be, but virtually even the good humor man is upset by the time he's been there for a little bit. And so somebody wails on somebody out in the DMV for a little bit, and you'd say that's a public place, the public's coming in there, right? Yes, sir. But he walks past a gate, and he goes back, and the branch supervisor is sitting there in an office, and he sees him back there, and he goes back in there, in an area that's not accessible, he has to go back there, and goes back there and pounds on him. Is your position that that's not public property? Well, one thing I would say is it might depend on the facts of how that office is set up, but if we take it that that area is not open and accessible to the general public, and that it's only somewhere the employees of the DMV can be. Employees only, sorry. What you're doing then is you're removing that greater risk to the members of the public at large who are all sitting in the waiting room. And that's the choice that the legislature made when it wrote the aggravated battery statute. It's not to say that that's not a bad thing, because of course that would be a bad thing. And if the legislature wants to punish that, it can. For example, the legislature makes it an aggravated battery to batter any correctional employee. If two people are in a hotel room, the door is locked, and somebody batters the other person in a hotel room. A hotel room is a place of public accommodation. Is that aggravated battery to the statute? I think that it would be a public place of accommodation. And so where's the risk of harm to the greater public if two people are in a hotel room with a locked door? Well, you know, maybe I was too quick to say that, Your Honor. It might be a different case if there's a locked door and if people can't get in there. Certainly if somebody is battering someone in the public areas of the hotel, that's definitely an aggravated battery. I'm not aware of a hotel room case that might fall in under the public place of accommodation. Again, that would be a choice that the legislature made to include that. They said public property, and this is property owned by the government, right? The court's initial notice that it was, yes. And I guess another thing I'd like to ask is I'm thinking, so a kid gets caught drag racing or speeding or with some beer or some grass or something, so he gets thrown in the local county jail, and do you think that also the legislature might think, well, just because he gets thrown in this county jail and it's still, they don't want him getting beat up in there because that's not, it's public property. There'd be a legislative, incorporating the legislative intent you're talking about is people that get arrested isn't, we want to deter also inmates from anybody from committing a battery on any public property, whether you've got the entire public there or a limited number of people. Well, there are a couple of things that I'd say in response. The first thing that I'd say is that most batteries that do take place in a prison or a jail are actually going to be punished differently than an ordinary battery simply because in most situations, including in this case, there's going to be a mandatory consecutive sentence to whatever else that person happened to be in prison or jail for. But the other thing I'd go back to is if the legislature wants to punish any battery that takes place in a jail or prison as an aggravated battery, it can say so. As a matter of fact, if it wants to punish any battery that takes place on any sort of government-owned property, it can do that. Just as it, for example, punishes criminal damage to government-supported property and it uses that term. Now that term does not appear in the aggravated battery statute. Well, I suppose you could say put on there instead of, in addition to or instead of public property, government-owned property. If that's what the legislature was trying to reach, then yes. So public property is not the same as publicly-owned property? That's correct, Your Honor. And the difference? The difference has to do with the ability of the public to have access to the property. So public property is one concept. Publicly-owned property is another concept. Is public property owned by the public? In the aggravated battery statute, not necessarily. So an example might be if there were a, and there are many of these in Illinois and across the country, private universities that hold their campuses open to the public. That might be an example of a public property that's not owned by the government. Okay. Now with regard to the jail, is it the interest of the legislature to prevent jail riots? You know, sometimes a fight between two ends up in a fight between 30, depending on how many people are in the exercise room or in the cell. Well, sure. I mean, I could see that that would be a risk. And if it's, like I said, one way that the legislature deals with problems of crimes in prisons and jails is that it punishes them with mandatory consecutive sentences. So public property would include publicly-owned property. Isn't that right? It would include government-owned property that's open and accessible to the public. It would not include government-owned property that is not open and accessible to the public. Is that the way it's defined in the thing, open and accessible to the general public? I'm sorry, Your Honor? Is that the way it's defined in the statute? The statute does not specifically define the term public property. It just says public property. And you're saying you should read into that statute generally accessible to the general public. Well, it doesn't just say... There's a limitation. It doesn't just say public property, Your Honor. If it said public property in isolation, we might be having a different discussion. But what it says is public property, public place of accommodation or amusement, or the public way. So when you put public property in that context, you're looking at three things, public places of accommodation, public places of amusement, and the public way, where the general public has access to them. The three ways of saying it is meant to include public way, which might be a street cafe, might be out on actually a sidewalk that is a city sidewalk, but there's a business conducting business there. The public property, which could be just owned by the public, and public place of accommodation. Like you said, the example you used was the private university holding themselves up to the public. Don't you think that the statute was meant to be broadened, not narrowed, by using the three different types of public before the way, property, and place of accommodation? I think the statute was trying to get at all of those areas that would be open and accessible to the public. All those areas where people might be traversing paths. All of those areas where you or I might in our day-to-day business be going by. There is another issue in this case that I did want to discuss briefly. And even if this court disagrees with me that a jail is not public property, at least Selbachan Jail is not public property, the case should still be remanded because the trial court took the issue away from the jury. And it instructed the jury that the entire jail, the entire Whiteside County Jail, was public property. It instructed the jury that the jury had to follow all of the court's instructions. And it did not instruct the jury that the jury was free to decide for itself whether or not the state had proven that the Whiteside County Jail was public property. And that would be an unconstitutional mandatory presumption. It takes away an element of the offense from the jury. And for that reason, the case should be remanded. Well, I mean, the Supreme Court, or there are decisions out there, I can't remember now, but clearly he can take judicial notice of an element. There was a case, I guess it was a Supreme Court case, I think Judge Garman wrote it because he was on the fourth, that says the court can take judicial notice of the fact that the fact might be an element of the offense but the offense doesn't prevent taking judicial notice. I want to be careful here, Your Honor, because there are two pieces to this. The first piece is taking judicial notice of a fact. For example, the fact that the jail is supported by government money. The second piece is taking judicial notice of the ultimate element of the offense, and therefore it is public property. Now, the court did take judicial notice of both of those. And it was proper to take judicial notice of the fact that in Whiteside County, the Whiteside County jail is owned by the government. Now, from that, the jury would have been able to conclude it was therefore public property, pursuant to an instruction by the court. But it was not proper for the court to go beyond taking judicial notice of a simple fact. Judicial notice is a substitute for evidence. So it's perfectly okay to take notice that something is owned by the government. But that's not actually quite the problem with the instruction. Because the problem with the instruction isn't that the judge took judicial notice, it's that the judge took the issue away from the jury completely. Now, Illinois Rule of Evidence 201 requires when the court takes judicial notice of an element of a criminal case that it inform the jury that it's free to disregard the court. And he did inform the jury that it was free to disregard, didn't he? He did orally inform the jury that it was free to disregard it at the close of one of the days of trial. But the very next day, when the court and the jury heard closing argument, when the court issued its written instructions, and when the court issued its oral instructions, the court did not again inform the jury of that fact. But I've got to draw a fine line again here, because there's a difference between judicial notice and a mandatory presumption in a jury instruction. Those are separate issues. So the fact that the judge told the jury informally the day before, you don't have to follow my judicial notice, doesn't relieve it from its obligation to instruct the jury when it's also instructing the jury that an element of the offense has been proven, as the court did in this case, that the jury is free to disregard that. And so that, Your Honor, would require a new trial. Are there no further questions? What if the judge, if it had put at the end of that instruction, you know, if it had said that, but you're free to disregard it, you know, you're free to come to your own conclusions, would that have helped or would it have made any difference in the written instruction? If the court had done that, it might make a difference. That's not this case, though. The court did not do that. The court did not instruct the jury that it was free to ignore its other instruction. And I think, Your Honor, it is problematic for a court to instruct the jury and hold that a particular element of the offense has been proven. So is the issue of whether it's public or property on the statute, Is that a question of fact or law, do you suppose? So there are questions of fact and questions of law that go into that. The question of law is the question that we're asking this court to resolve in our first argument, which is what is meant by the term public property. That's a legal question. And then the factual question would be, okay, now based on the evidence in this case, has the state proven that the Whiteside County Jail was public property? Well, if we decide it's a question of law that it is, then was there any question about whether it had happened on public property? I'm sorry, I didn't hear the end of that. If we rule, as the trial judge did, that basically as a matter of law, it's public property, and then if that's an issue of law, is it still something the jury can just, you know, it's improper to take away from the jury, as you put it, in other words. Is the jury free to disregard that? Well, yes, it's an element of the offense. The state has to prove beyond reasonable doubt all elements of the offense to the jury, and the jury does have the independence to make its own determination. The judge cannot take an element of the offense away from the jury completely. The judge can take judicial notice about the facts, but the judge can't take the element itself away. Does that answer your question, Your Honor? 201G doesn't require that, I think. 201 doesn't require there to be a jury instruction. It just requires the trial court to inform the jury that it's not inclusive. Isn't that right? Yes, Your Honor, but 201 governs judicial notice specifically. So the judicial notice in this case is a separate problem from the jury instruction. They're all interrelated. They all go to the same basic issue, but taking judicial notice is a different thing from instructing the jury. So it's proper to take judicial notice, once again, that the Whiteside County Jail is owned by the government, but it's not proper to instruct the jury that the Whiteside County Jail is public property. The jury was told they had to find that it was on public property, right? The jury was instructed that the entire Whiteside County Jail is public property. And it was a requirement for proof of the crime, right, the elements of the crime. That's correct, Your Honor. It took place on public property, correct? Correct. That's correct. By taking judicial notice, in reality what you're doing is telling the parties that I'm not going to hold you to proof of this because I'm taking judicial notice of it. Because of what judicial notice is, you don't have to bring in any proof or evidence about this. I'm taking judicial notice of this, whatever fact that might be. That's the function that it serves, Your Honor. But the law is clear that in a criminal case, the jury does not have to accept a judicial notice fact. Are there no further questions? Thank you, Mr. Dunn. Thank you, Your Honors. Mr. Nicolosi. Thank you, Your Honors. Good afternoon. May it please the Court, Counsel. Your Honors, I think I'm going to start with the Hill case very briefly. People v. Hill, it's quite clear and quite pertinent to this case, holds that a jail was public property merely because it is owned by the government, owned by the public. But even Hill doesn't, I mean, the last issue seems to be where the bacon is here, and even if we agree with Hill, it doesn't answer the question of whether, you know, assuming he can take judicial notice of this fact, he's got to inform them. And I think implicit in that rule, I guess, is that the judge informs, also just informs the jury that I'm taking judicial notice of this fact. Sure. And it says you've got to inform them that they're free to disregard that. Yes. And he did that. Yes. But then gives them an instruction that says, you know, it's public property even, you know, period. And so they instruct them that this is a fact, which seems to fly in the face of the concept of, okay, you notified the jury you're taking judicial notice, but you have to tell them. And Hill doesn't undo that issue about having to inform the jury that they have the right to disregard, you know, decide for themselves, or they have the right to disregard the judicial notice. Sure. Yes, I understand that, Your Honor, but I think the fact is the fact that the judge did, he did inform them at some point that they were free to disregard. I don't see how the jury could the next day completely disregard what the judge said before, just because he didn't maybe give them a refresher on that. The fact is they heard it and… Well, yeah, and you just wonder, I mean, it strikes me that maybe this is a case where the prosecutor just tried to do too hard a job, and then this instruction that seems to say, I, in order to personally read it, hey, you know, you're instructed that this, you are instructed that the jail is public property. And I can't remember the exact terms, but it was on every part of it, you know. Yeah. You know, I think a consideration here is whether or not this finding was, that the jail was public property is an error as a matter of law. And you asked if it was a matter, one of Your Honors asked whether counsel, if it was a matter of law or a matter of fact. And I believe if it is a matter of law, which the people would submit that it is, then there would be no error here. Because if it was a matter of law, it wouldn't be anything for the jury to find. Because… That runs in the face of Apprendi, doesn't it? I, yeah, I'm, yes, Your Honor. I'm not, obviously I don't have my… What I'm saying right now is Apprendi teaches us something else. But, yeah, yes, Your Honor. But if you, Rule 201 states that if you are presented with the necessary information to make such a finding, you can make such a finding. And the judge was presented with the information in this case. He made such a finding, and therefore was able to take judicial notice of that fact and inform the jury that he was doing that. And whether or not, again, Your Honor, yes. Rule 201 has cautionary language about not making it conclusive. And the judge did not. He informed the jury after the closing of the defense's case. But how is it that in the instructions given to the jury, it said that the jail was public property? But, again, I can't get around the facts here. Before he did that, he did tell them that this was up to them to disregard. I think the jury needs to be given some credit that they listened to everything that the judge said. And can't, just because the judge didn't say it every single day or at every pertinent time, to disregard something that the judge clearly informed them that was correct, that is in their prerogative to accept or not accept? Well, but the problem is, too, is that instruction didn't say, I've taken judicial notice of this to remind them, hey, this is a judicially noticed fact. It just says, you know, this is, this is, here, the instruction says the entire county jail is public property. The definition of public property does not require that the property be an area open or accessible to the public. Now, and that's a fact he had taken judicial notice of. But that was just an instruction to the jury. And it seems to me, and convince me why I'm wrong, but it seems to me if he had stopped at, okay, I'm taking judicial notice of this, told him that, but it strikes me that this, after doing that, and then given this instruction, seems to be a problem. Yes, Your Honor, and you've challenged me to convince you otherwise. Do the best you can. Can I call Mark Ostle, who wrote the briefs and is more well-versed on this? Your Honor, I understand that it is certainly a problem. And I think I just, I kind of have to argue the facts that I have and the positive light that I can that the judge, yeah, maybe he went a little bit too far. But again, the people would submit that the fact of the matter is that the jury was informed at some point. And Judge Carter, you did point out earlier that there's no requirement that that be a specific instruction. Well, you know, on one hand, there's no requirement that there be a specific instruction like that. But there is a requirement, clearly in the rule of evidence in 201, that it would be improper to have any instruction that would make it conclusive. Sure, sure. So that's in the Supreme Court rule. Yes, Your Honor. Yes, yes. But again, the people would submit that the jury was informed that it wasn't mandatory that they find this. And they were told to follow the instructions. Sure, yes, Your Honor. In 101. Okay, so we get instruction errors all the time, right? And so, I mean, let's assume for the sake of argument, which might be a safe assumption that this error, that this instruction was errored. Does that require a new trial? The people would submit it wouldn't, Your Honor, because the people submit that the trial judge properly found, properly took judicial notice of this fact, that this was, in fact, public property. And, you know, what would be the… Okay, but we assume we got that, but then the instruction, what, because if the instruction is error, then what? I mean, is there a prejudice requirement? I wasn't ready for this particular question. I would assume there would be a prejudice requirement. I honestly don't know the answer to this. I mean, wouldn't we have to fall back on the concepts and the learning from the Apprendi line of cases? Sure. I mean, Apprendi really narrowed, you know, before Apprendi, there were a lot of things where judges would appropriately make findings that were binding on the fact finder, the juror. Yes. Okay, and that was routine. After Apprendi, all this stuff has changed, and that's why in 201, you have a language you can take. It doesn't prevent a judge from taking judicial notice of something, but when it's an element of the offense, it can't be conclusive. So that's why the judge can't instruct someone. So really, we really have to look at Apprendi, don't we? It's certainly a consideration, Your Honor. Yeah, it's an element of the offense. It needs to be proven, of course. Whether or not that instruction that was given can survive the Apprendi evaluation. Yes, Your Honor, that's certainly a consideration. I don't believe I can argue around it. The facts are the facts, and what the judge said was unfortunately what the judge said and continued to say. And that's where we are. Are you aware of any case where there's an Apprendi violation and the judge instructs the person that the jail is public property without saying anything else so that it's not conclusive, et cetera, et cetera, that is found to be harmless error or not prejudicial? I certainly don't know off the top of my head. My guess would be that case would not exist. I don't have a real good photographic memory on this kind of stuff. Yeah, I'm not trying to be jealous. Sure, sure. I assume by the tenor of the question that there is no such case. And so unfortunately, that's where we are and can't change the facts of the law. And if there are any other questions, I'd be happy to call Mark and ask him. All right. Thank you, Mr. DeColosi. Mr. Dow for any rebuttal. Yes, please, Your Honor. Just a couple of points. First, Justice Carter, I think you hit the nail on the head with Apprendi. Mr. Mess, nobody's cited. I'm aware that it is not cited in the briefs, Your Honor. People v. Pamikala, 203 Illinois 2nd, 198, points out that it's unconstitutional to take this issue away from the jury. And so what happened to Mr. Messenger here was his constitutional right to have the jury decide all the elements of his case was violated, and there's no error on that. And I guess it doesn't matter that, in essence, the jury has the right to determine that night is day and black is white. They can do it if they want, right? That's correct, Your Honor. They have the right. Mr. Messenger, the defendant, has the right to have all the elements of the case submitted to the jury, and that was not done in this case. It smacks the jury nullification, doesn't it? I'm sorry, Your Honor? It smacks the jury nullification. My client has the right to have that submitted to a jury. Well, sometimes during nullification. Well, never mind. Briefly, I just want to go back to Hill for one second and point out for Your Honors that Hill disregards and rejects the decision of this court, this third district court, in Kemp. And I just want to take the opportunity to remind Your Honors that in Kemp there was no evidence whatsoever that the park was owned by the government. The only thing that mattered was that it was open and accessible to the public. Well, but that's the converse of this, but that doesn't, the fact that they can say that whether it's publicly owned or not, if it's open to the public, it's public property, doesn't say anything at all about whether publicly owned property is public property. So I'm not sure that concept is much help. Well, I think it helps because it helps explain what the Aggravated Battery Statute is trying to do. You know, it's just like, it's like a Venn diagram, you know? Maybe all publicly owned property is public property, but not all public property is publicly owned property. But what Kemp says about that statute, what this court says about that statute, is that it's going after Well, it's clear that not all publicly owned property, because public places of accommodation, I mean the Days Inn or the Ritz Carlton, neither one of them are publicly owned, and yet for Burger King or, you know, those are public places of accommodation, and yet they're not publicly owned. So the General Assembly obviously intended to include those. Right, because they're open and accessible to the public. Are there no further questions? Yeah, are you in relation to Bob Dowell? Not the one you're thinking of. Thank you. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible.